■ In the Matter of JAQUAN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [846 NYS2d 88]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about October 14, 2005, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree and criminal possession of stolen property in the fifth degree, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs.

At the commencement of the fact-finding hearing on July 25, 2005, the court received into evidence at the request of the presentment agency two documents (written *Miranda* warnings signed by appellant and his mother and appellant's ensuing written statement) that had been received into evidence earlier that day during the *Huntley* hearing testimony of Detective Steven Smith. When appellant objected and argued that "[i]f they want to have a fact finding hearing they should have a witness . . . here," the court asked the presentment agency if any other witnesses were "here today." The attorney for the presentment agency responded that Detective Smith was "still here" but that the complaining witness was not. After the attorney stated

---

that she had tried to call the witness that morning, that it was unusual for the witness not to have called back and that she was concerned the witness was away on vacation and did not get the messages she had left, she asked for an adjournment. Appellant's attorney opposed the application and moved to dismiss the petition, arguing that "[t]here was no witness sworn on the fact finding" and that it was the "60th day" past appellant's initial appearance. The court granted the request for an adjournment and denied the motion to dismiss, stating that it was deeming the fact-finding hearing to have begun "based on the suppression testimony" and the receipt into evidence of the two documents. On the adjourned date, August 8, the proceedings began with the court stating that the matter was "on for continued fact finding" and that "[t]he suppression minutes have been entered into evidence as part of the beginning of the fact finding."

We agree with appellant that under CPL 670.10 (1), which is applicable to juvenile delinquency proceedings pursuant to Family Court Act § 370.1 (2), the suppression hearing testimony of Detective Smith was not admissible at the fact-finding hearing (*see generally People v Ayala*, 75 NY2d 422, 428-430 [1990]). We agree as well that the presentment agency did not lay any foundation at the fact-finding hearing for the admission of the two documents; nor were they admissible at the fact-finding hearing merely because they were received into evidence at the *Huntley* hearing.

However, we reject appellant's contention that because there was no "true commencement" of the hearing on July 25 he was denied his right to speedy commencement of a fact-finding hearing under Family Court Act § 340.1. Although the fact-finding commenced on July 25 with an erroneous decision to admit into evidence the two documents and the prior testimony, it nonetheless commenced that day. We note, moreover, that counsel for the presentment agency represented, and appellant has never disputed, that Detective Smith remained available on July 25 to testify at the fact-finding hearing, and thus the presentment agency was in a position to commence the fact-finding hearing that day with the testimony of a witness.

We have considered and rejected appellant's remaining claims. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.